■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEVERLY TAYLOR, Appellant. [741 NYS2d 544] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (West, J.), rendered February 9, 2000, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The psychiatric competency report based on the defendant's most recent psychiatric examination, which concluded that the defendant was competent to stand trial, and the plea proceeding, reveal that the defendant was coherent and rational, and that he understood the implications of his decision to accept the plea agreement. There is no basis in the record to conclude that at the time the defendant entered his plea of guilty, he lacked the capacity to understand the proceedings against him or was unable to assist in his defense (*see* CPL 730.10 [1]; *People v Gensler,* 72 NY2d 239, *cert denied* 488 US 932; *People v Rivas,* 206 AD2d 549; *People v Santiago,* 205 AD2d 565; *People v Johnston,* 186 AD2d 680). Moreover, the Supreme Court properly did not order a hearing pursuant to CPL 730.30, sua sponte, nor did the defendant establish that he was denied the effective assistance of counsel because his attorney failed to request a competency hearing. Ritter, J.P., Feuerstein, O'Brien, H. Miller and Townes, JJ., concur.