■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARVIN COLLINS, Appellant. [782 NYS2d 264]—

Judgment, Supreme Court, Bronx County (David Stadtmauer, J., on omnibus motion; Lawrence Tonetti, J., at hearing, plea and sentence), rendered April 18, 2001, convicting defendant of murder in the second degree (two counts) and attempted murder in the second degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

Since defendant failed to move to withdraw his plea or vacate the judgment of conviction, his challenge to the sufficiency of the plea allocution is unpreserved, and this case does not fall within the narrow exception to the preservation requirement set forth in *People v Lopez* (71 NY2d 662 [1988]). Were we to review this claim, we would find that the record of the plea allocution establishes that defendant knowingly, voluntarily and intelligently entered the plea, that both of the psychiatrists who examined defendant pursuant to CPL article 730 found him fit to proceed, and that defendant gave no indication of mental impairment during the allocution (*see People v Taylor*, 292 AD2d 637 [2002]). Furthermore, the record establishes that defendant received effective assistance of counsel. In view of the examination reports, which found that defendant was malingering, and counsel's stated ability to communicate with defendant, we conclude that counsel made a sound decision to forgo a competency hearing or the appointment of a defense psychiatrist (*see id.*).

Defendant's remaining claims, including those contained in

his pro se supplemental brief, are foreclosed by his valid waiver of the right to appeal. In any event, were we to find that defendant did not make a valid waiver of his right to appeal, we would reject these claims. Concur—Buckley, P.J., Mazzarelli, Saxe, Ellerin and Gonzalez, JJ.