■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENDAN FEEHAN, Appellant. [796 NYS2d 42]—

Judgment, Supreme Court, New York County (Micki A. Scherer, J.), rendered June 6, 2001, convicting defendant, upon his plea of guilty, of assault in the first degree, and imposing sentence, and order, same court and Justice, entered on or about March 5, 2004, which denied defendant's motion to vacate the judgment, unanimously reversed, on the law, defendant's motion granted, the judgment vacated, and the matter remanded for further proceedings.

Defendant was indicted for attempted murder in the second degree, assault in the first degree and reckless endangerment in the first degree. Represented by counsel, he entered a plea of guilty to assault in the first degree in full satisfaction of the indictment with a sentence commitment of 10 years. No mention of postrelease supervision was made at the plea proceedings, and defendant never discussed it with his attorney, nor was it mentioned at the time sentence was imposed. In fact, defendant did not learn about postrelease supervision until he was awaiting transportation to state prison.

Defendant moved pursuant to CPL 440.10 to vacate the judgment arguing that had he known he would get five years of postrelease supervision, he would not have entered the plea. The court denied the motion.

A court must advise a defendant of the "direct consequences" of his plea, and postrelease supervision is such a "direct consequence" (*People v Catu*, 4 NY3d 242, 244 [2005]). The failure to advise a defendant of postrelease supervision mandates reversal. The People have acknowledged that, based upon *Catu*, the plea must be vacated. Concur—Mazzarelli, J.P., Sullivan, Ellerin, Gonzalez and Sweeny, JJ.