■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG J. ALEXANDER, Appellant. [801 NYS2d 431]—

Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered April 29, 2004, convicting defendant upon his plea of guilty of the crime of manslaughter in the first degree.

Following a shooting death in the City of Binghamton, Broome County, defendant was charged with murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. Pursuant to a negotiated plea agreement, defendant pleaded guilty to manslaughter in the first degree in full satisfaction of the indictment in exchange for a sentence of 11 years in prison. Defendant was thereafter sentenced to 11 years in prison, to be followed by a five-year period of postrelease supervision, and he now appeals.

Defendant's contention that the plea was not voluntarily, knowingly and intelligently entered because County Court failed to advise him during the plea proceedings that he would be subject to a period of postrelease supervision is unpreserved for our review (*see People v Van Gorden*, 307 AD2d 547, 548 [2003], *lv denied* 1 NY3d 581 [2003]; *see also People v Haynes*, 14 AD3d 789, 791 [2005], *lv denied* 4 NY3d 831 [2005]). The record reveals that defendant was advised prior to sentencing that his negotiated sentence would include a five-year period of postrelease supervision. Defendant did not dispute this statement and he thereafter failed to move to either withdraw the plea or vacate the judgment of conviction on that basis (*see People v Van Gorden, supra* at 548). In view of these facts, we decline to take corrective action as a matter of discretion in the interest of justice (*compare People v Jachimowicz*, 292 AD2d 688, 688 [2002]), and we are unpersuaded by defendant's assertion that *People v Catu* (4 NY3d 242 [2005]) requires a different result. Finally, we discern no abuse of discretion or extraordinary circumstances that would warrant a reduction in the sentence (*see People v Dedmon*, 10 AD3d 738, 739 [2004], *lv denied* 3 NY3d 756 [2004]; *People v Hanrahan*, 9 AD3d 689, 689 [2004]).

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.