THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN BRACEY, Appellant. [807 NYS2d 34]—

Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered May 9, 2002, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and sentencing him, as a second felony offender, to a term of eight years, to be followed by five years of postrelease supervision, reversed, on the law, the plea vacated, and the matter remanded for further proceedings in accordance with this decision.

On April 18, 2002, defendant entered a plea of guilty to criminal possession of a weapon in the second degree, in full satis-

faction of the indictment against him. His attorney stated on the record that the agreed-upon sentence was to be eight years, with a permanent order of protection and defendant's right to appeal waived. Under questioning by the court, defendant confirmed his understanding of the plea agreement as presented and its voluntary nature. No mention of postrelease supervision was made at the plea proceeding, nor was there any allocution of defendant about the constitutional rights he was waiving by pleading guilty.

On May 9, 2002, defendant was sentenced to the agreed-upon term of eight years, after which the court stated, "Permanent order of protection is granted. And also there will be five years of post-release [*sic*] supervision, parole supervision as required by statute."

"A trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what the plea connotes and its consequences" (*People v Ford,* 86 NY2d 397, 402-403 [1995]). Although not required to engage in any particular litany in accepting a plea (*id.* at 403), the court must advise the defendant, inter alia, of the constitutional rights he would be waiving by pleading guilty, and the record must show that the defendant "intelligently and understandingly rejected (these rights)" (*People v Harris,* 61 NY2d 9, 17 [1983], quoting *Carnley v Cochran,* 369 US 506, 516 [1962]). The court must also advise the defendant of the "direct" consequences of the plea, i.e., those that have a "definite, immediate and largely automatic effect on defendant's punishment" (*Ford,* 86 NY2d at 403), and the record must show that the defendant's plea " 'represents a voluntary and intelligent choice among the alternative courses of action open to (him)' " (*Harris,* 61 NY2d at 19).

Postrelease supervision being a direct consequence of a criminal conviction, the failure of a court to advise thereof requires reversal of the conviction (*People v Catu,* 4 NY3d 242 [2005]). Accordingly, although defendant failed to preserve this issue for appeal, the error here is so fundamental as to require reversal. Concur—Ellerin, Williams and Catterson, JJ.

Marlow, J.P., and McGuire, J., dissent in a memorandum by McGuire, J., as follows: The majority's reliance on *People v Catu* (4 NY3d 242 [2005]) is misplaced. In *Catu,* the claim that the defendant had not been advised prior to pleading guilty of the requirement of a period of postrelease supervision was raised in the defendant's first submission to the court following sentence, a CPL 440.10 motion (*see People v Catu,* 2 AD3d 306 [2003]). Here, by contrast, although defendant submitted a pro se mo-

tion to vacate the plea less than two weeks after he was sentenced, he never raised his current claim that he had not been advised of the mandatory period of postrelease supervision (*cf. People v Lopez,* 71 NY2d 662, 665 [1988] ["to preserve a challenge to the factual sufficiency of a plea allocution there must have been a motion to withdraw the plea under CPL 220.60 (3) or a motion to vacate the judgment of conviction under CPL 440.10"]).

Notably, CPL 440.10 (3) (c) authorizes the denial of a motion to vacate a judgment of conviction when "[u]pon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so." This authority protects the same important finality concerns supporting the preservation requirements recognized in *People v Lopez (supra).* Nor does this case warrant an exercise of our interest of justice jurisdiction. Defendant could have raised his claim in a subsequent CPL 440.10 (3) motion and asked the trial court to review it "in the interest of justice and for good cause shown" (CPL 440.10 [3]). Now, however, years after the plea, at a time when the People's ability to prosecute him may have been compromised, defendant should not be permitted to raise his claim for the first time. The requirement that claims of error be raised in a timely fashion is designed to prevent this and other forms of prejudice (*cf. People v Lopez,* 71 NY2d at 665-666 ["The failure to make the appropriate motion denies the trial court the opportunity to address the perceived error and to take corrective measures, if needed"]).