■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD C. VANCE, Appellant. [811 NYS2d 499]—

Peters, J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered January 10, 2005, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Defendant entered a plea of guilty to one count of robbery in the second degree in full satisfaction of an eight-count indictment charging him with crimes committed in concert with others over a two-week period. He was sentenced to, among other things, a prison term of six years to be followed by a five-year period of postrelease supervision, and he executed a waiver of appeal.

Defendant contends that he did not enter a knowing, voluntary and intelligent plea because County Court did not advise him during the plea proceedings that his sentence would include a period of postrelease supervision. The record reveals, however, that prior to the imposition of sentence, defendant was aware that the plea agreement included a five-year period of postrelease supervision (*compare People v Catu*, 4 NY3d 242, 245 [2005]). Inasmuch as defendant did not raise an objection during the sentencing proceeding nor move thereafter to either withdraw his plea or vacate the judgment of conviction, his contention is unpreserved for appellate review (*see People v Alexander*, 21 AD3d 1223, 1224 [2005], *lv denied* 5 NY3d 881 [2005]; *People v Haynes*, 14 AD3d 789, 791 [2005], *lv denied* 4 NY3d 831 [2005]; *People v Van Gorden*, 307 AD2d 547, 548 [2003], *lv denied* 1 NY3d 581 [2003]). In light of defendant's intelligent and knowing execution of a written waiver of appeal that expressly referred to the five-year period of postrelease supervision as among the terms of his sentence, we decline to exercise our interest of justice jurisdiction to reach the issue (*see People v Alexander, supra*).

Defendant's pro se contention that he was not properly represented by counsel is waived (*see People v Cain*, 24 AD3d 889, 890 [2005]; *People v Williams*, 6 AD3d 746, 747 [2004], *lv denied* 3 NY3d 650 [2004]) and is without merit, as defendant received an advantageous plea and nothing in the record casts doubt on counsel's apparent effectiveness (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Smith*, 305 AD2d 853, 854-855 [2003], *lv denied* 100 NY2d 624 [2003]). Defendant's claim that

his sentence was harsh and excessive is also encompassed by his waiver of appeal (*see People v Lopez*, 6 NY3d 248, 254 [2006]).

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.