■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELL LOUREE, Appellant. [813 NYS2d 219]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered December 22, 2003, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea was not knowingly, intelligently, and voluntarily entered because he was not informed that he would be subject to a mandatory period of post-release supervision is unpreserved for appellate review since he did not move either to withdraw his plea or vacate the judgment of conviction on that basis (*see* CPL 440.10; *People v Redcross,* 13 AD3d 559, 560 [2004]; *People v Richards,* 6 AD3d 464 [2004]; *People v Wronka,* 6 AD3d 735 [2004]), and we decline to review the issue in the exercise of our interest of justice jurisdiction. We are unpersuaded by the defendant's contention that *People v Catu* (4 NY3d 242 [2005]) requires a different result (*see People v Alexander,* 21 AD3d 1223 [2005], *lv denied* 5 NY3d 881 [2005]; *cf. People v Bracey,* 24 AD3d 363 [2005]).

Furthermore, the defendant's waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (*see People v Lopez,* 6 NY3d 248 [2006]; *People v Hidalgo,* 91 NY2d 733, 737 [1998]; *People v Redcross, supra; People v Wronka, supra* at 736).

The defendant's remaining contentions need not be reached in light of our determination. Adams, J.P., Ritter, Mastro and Skelos, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN MCCALLUM, Appellant. [812 NYS2d 373]—Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered October 21, 2004, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]). Miller, J.P., Crane, Luciano and Rivera, JJ., concur.