■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE EVANS, Also Known as WILNERSON OCCELIN, Appellant. [816 NYS2d 446]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered June 11, 2002, convicting defendant, upon his plea of guilty, of robbery in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of six years, unanimously reversed, on the law and as a matter of discretion in the interest of justice, the plea vacated, and the matter remanded for further proceedings in accordance with this decision.

As the People concede, the judgment should be reversed because of the court's failure to advise defendant that his sentence included a period of postrelease supervision (*see People v Catu*, 4 NY3d 242 [2005]). Since there was no mention of

postrelease supervision at either the plea or sentencing proceedings, there is no reason to believe that defendant was in a position to raise this issue by way of a motion to withdraw his plea. The record is silent as to when defendant ultimately learned that his sentence included postrelease supervision. To the extent that defendant, upon acquiring such knowledge, should have then preserved this issue by way of a CPL 440.10 motion (*see People v Lopez*, 71 NY2d 662, 665 [1988]), we choose to review the issue in the interest of justice (*see People v Bracey*, 24 AD3d 363, 364 [2005]). Concur—Tom, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.