[824 NYS2d 272]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVARO
CUMBERBATCH, Appellant.

First Department, November 21, 2006

## APPEARANCES OF COUNSEL

*Richard M. Greenberg, Office of the Appellate Defender*, New York City (*Margaret E. Knight, Risa Gerson* and *Benjamin Fidalgo* of counsel), for appellant.

*Robert M. Morgenthau, District Attorney*, New York City (*Julie Paltrowitz, Mark Dwyer* and *Beth Fisch Cohen* of counsel), for respondent.

## OPINION OF THE COURT

MARLOW, J.

The principal issue on this appeal is whether a claim under *People v Catu* (4 NY3d 242 [2005]) must be preserved for appellate review. Defendant contends that this Court should invalidate his plea because Supreme Court failed to advise him during the plea discussions, plea colloquy, or prior to imposing sentence that the negotiated disposition would include a mandatory period of postrelease supervision.

In November 2002 defendant and two accomplices robbed two women at gunpoint and were indicted on robbery, assault and weapon possession charges. In June 2003, defendant pleaded guilty to robbery in the first degree in full satisfaction of the indictment. After discussing the matter with counsel, the court advised defendant that by pleading guilty he was giving up his right to pretrial hearings and a trial and that he could be deported. In exchange for his plea, the court promised defendant a sentence of nine years. The court released defendant on bail pending sentence, but warned that if he failed to appear the promise would be vacated and defendant would face up to the statutory maximum sentence for robbery in the first degree. Defendant failed to appear for sentencing on October 7, 2003, and the court issued a bench warrant. Several weeks later, the police arrested defendant in Virginia for possession of stolen property and involuntarily returned him to New York.

On February 11, 2004, defendant appeared for sentence and asked the court to impose a sentence as close as possible to the original promise. To support his sentencing request, a number of people attested that the robbery was atypical and that defendant was otherwise a helpful and good person. In addition, de-

fendant graduated from high school and maintained steady employment. Further, a forensic social worker concluded that defendant had committed the robbery because he had been intoxicated and had succumbed to "group think" as a result of the negative influence his accomplices exerted on him. Moreover, defendant claimed he missed his sentencing date because he accompanied a friend to Virginia for dialysis treatment. Defendant produced a letter purporting to be from his friend's doctor stating there was a medical emergency from October 11 to October 23 and that defendant had escorted his friend to her treatment and provided moral support.

The People argued that defendant had been offered lenient treatment because he had agreed to provide federal agents with information about stolen guns. However, he failed to stay in contact with them nor did he provide useful information. In addition, defendant fled this jurisdiction. After his arrest in Virginia for possession of stolen license plates, he returned involuntarily to New York. When arrested, defendant provided a false name, false address, and false date of birth. Moreover, the People noted that his sentencing predated his friend's medical emergency, and, finally, that the doctor's letter was a forgery.

The court imposed a sentence of 11 years plus five years' postrelease supervision. Defendant did not object to the sentence at the time it was imposed nor did he thereafter move to vacate the judgment of conviction. In fact, there is no hint of a complaint until this appeal.

Defendant's contention that he was not adequately informed of the rights he was giving up as a consequence of his guilty plea is unpreserved. A defendant who challenges the sufficiency of his or her guilty plea must preserve the challenge by moving to withdraw the plea pursuant to CPL 220.60 (3) or by way of a motion to vacate the conviction under CPL 440.10 (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Collins*, 11 AD3d 209 [2004], *lv denied* 4 NY3d 742 [2004]). In any event, were we to review this claim we would find that, based on defendant's colloquy with the court and his several conversations with his attorney, the guilty plea was sufficient, informed, and voluntary. Indeed, there is no "uniform mandatory catechism of pleading defendants" (*People v Nixon*, 21 NY2d 338, 353 [1967], *cert denied sub nom. Robinson v New York*, 393 US 1067 [1969]; *accord People v Harris*, 61 NY2d 9, 16 [1983]) because an appellate review consists of an analysis of the entire record, a record we here find sufficient.

We also hold that a defendant's challenge to the voluntariness of his plea based on the court's failure to advise him that the negotiated sentence would encompass mandatory postrelease supervision must be preserved (*see People v Alexander*, 21 AD3d 1223 [3d Dept 2005], *lv denied* 5 NY3d 881 [2005]; *People v Chatmon*, 17 AD3d 1103 [4th Dept 2005], *lv denied* 5 NY3d 760 [2005]; *cf. People v Gregory*, 16 AD3d 597 [2d Dept 2005], *lv denied* 4 NY3d 886 [2005]; *People v Feehan*, 18 AD3d 279 [1st Dept 2005] [defendant not advised of postrelease supervision at plea or sentence, but made a postjudgment motion to vacate judgment]).

The Court of Appeals has defined postrelease supervision as a direct, and not collateral, consequence of a plea (*see People v Van Deusen*, 7 NY3d 744 [2006]; *People v Catu, supra*), and we recognize that this Court in *People v Armstrong* (31 AD3d 291 [2006]; *People v Evans* (30 AD3d 1130 [2006]); and *People v Bracey* (24 AD3d 363 [2005]) has concluded that this error is so fundamental that it need not be preserved for appellate review.* However, we do not believe that the failure to be advised of a statutorily mandated sentencing scheme is so fundamental an error as to rise to the level of that particularly circumscribed and narrow class of cases where preservation is not required (*see People v Gray*, 86 NY2d 10, 21 [1995]; *People v Patterson*, 39 NY2d 288, 295 [1976], *affd* 432 US 197 [1977]; *People v Udzinski*, 146 AD2d 245, 248-252 [1989], *lv denied* 74 NY2d 853 [1989]). We see no reason why the ordinary rules of preservation should not apply, and, indeed, no authority is cited in *Armstrong*, *Evans* or *Bracey* to support the position that this error is so fundamental that preservation is not required.

Here, defendant had ample opportunity to object to the imposition of postrelease supervision prior to his appeal. He could have raised the objection at sentencing when he first became aware his jail time would be followed by five years' postrelease supervision, or he could have thereafter immediately moved to vacate his conviction. Either option would have af-

---

* In *People v Evans*, the defendant was not advised at either his plea or sentencing that his sentence would include postrelease supervision and the record is silent as to when the defendant ultimately learned of this fact. Thus, we reached the issue in the interest of justice. Here, however, defendant learned that his sentence would include postrelease supervision at the time of his sentence and could have easily objected at that time, or immediately thereafter, made a motion to vacate the judgment. It should also be noted that *Armstrong* was a reversal in the interest of justice.

forded the sentencing court the opportunity to address the error and fashion a remedy (*see People v Lopez*, 71 NY2d at 665-666).

Moreover, as a practical matter, it would be ill-advised to permit a defendant to raise an unpreserved claim of this type perhaps years after a criminal case has been concluded, when witnesses may be unavailable, evidence may have been discarded, destroyed, or returned, and memories are likely compromised by time (*see People v Bracey*, 24 AD3d at 365 [dissenting mem]).

Finally, as for defendant's plaint that his sentence is excessive, we note it is in accord with his plea agreement and within statutory guidelines. Having received the benefit of his bargain, defendant should be bound by its terms and not be heard to undermine them (*People v Rada*, 160 AD2d 552 [1990]; *People v Felman*, 141 AD2d 889, 890 [1988], *lv denied* 72 NY2d 918 [1988]). We perceive no basis to reduce defendant's sentence in the interest of justice.

Accordingly, the judgment of the Supreme Court, New York County (Budd G. Goodman, J.), rendered February 11, 2004, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him to a term of 11 years and five years' postrelease supervision, should be affirmed.

SAXE, J.P., SULLIVAN, GONZALEZ and MALONE, JJ., concur.

Judgment, Supreme Court, New York County, rendered February 11, 2004, affirmed.