THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT THOMAS, Appellant. [826 NYS2d 36]—

Judgments, Supreme Court, New York County (Carol Berkman, J.), rendered April 20, 2005, as amended May 17, 2005, convicting defendant, upon his pleas of guilty, of attempted aggravated assault on a police officer, criminal sexual act in the second degree, use of a child in a sexual performance and promoting an obscene sexual performance by a child, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years, unanimously modified, on the law, to the extent of vacating the $50 sex offender registration fee and the $1,000 supplemental sex offender victim fee, and otherwise affirmed.

Defendant claims that the mandatory five-year period of postrelease supervision (PRS) should be stricken from his sentence and commitment sheet on the ground that it was not part of the sentence that the court pronounced orally, in his presence in open court, and was not added by way of a judicial proceeding, such as a CPL 440.40 motion by the People to set

aside the sentence. Thus, defendant is asserting a procedural defect that is encompassed by his valid waiver of his right to appeal (*see People v Samms*, 95 NY2d 52, 56-58 [2000]; *People v Abruzzese*, 30 AD3d 219, 220 [2006], *lv denied* 7 NY3d 784 [2006]).

Aside from the appeal waiver, this claim is also unpreserved. We reject defendant's present assertion that his claim was incapable of being preserved. On the contrary, this procedural defect in the sentence could easily have been corrected upon timely objection. During the plea allocution, the court specifically informed defendant that his sentence would include a five-year period of PRS (*compare People v Catu*, 4 NY3d 242 [2005]). When, at sentencing, the court mentioned the statutory fees but neglected to mention PRS, defendant remained silent, but now seeks to be relieved of PRS as a windfall to be derived from the court's omission. Accordingly, we decline to reach this unpreserved issue in the interest of justice. "To hold otherwise is to encourage gamesmanship" (*People v Dekle*, 56 NY2d 835, 837 [1982]).

Were we to find that defendant's argument is not foreclosed by his appeal waiver, and were we to also grant review of this unpreserved claim in the interest of justice, we would find it unavailing (*see People v Sparber*, 34 AD3d 265 [2006]). "Each determinate sentence also *includes, as a part thereof*, an additional period of post-release supervision" (Penal Law § 70.45 [1] [emphasis added]), which, in defendant's situation, is precisely five years, with no discretion available (Penal Law § 70.45 [1]). Therefore, even though the court's oral sentence was silent as to PRS, it necessarily included a five-year term thereof (*see People v Crump*, 302 AD2d 901 [2003], *lv denied* 100 NY2d 537 [2003]; *People v Thweatt*, 300 AD2d 1100 [2002]; *People v Bloom*, 269 AD2d 838 [2000], *lv denied* 94 NY2d 945 [2000]). Furthermore, the court, acting through its court clerk, set forth the PRS provision on the commitment sheet. That provision likewise appears on the worksheet bearing the court's own signature, which is plainly applicable to the entire sentence. Even assuming the existence of a constitutional requirement that every portion of a sentence be "entered upon the records of the court" (*Hill v United States ex rel. Wampler*, 298 US 460, 464 [1936]), these entries satisfied such a requirement (*compare Earley v Murray*, 451 F3d 71, 75-76 [2d Cir 2006]). We see no constitutional infirmity in the use of a judicially created written document to clarify an aspect of a sentence upon which the court's oral pronouncement was silent (*see e.g. United States v Pugliese*, 860 F2d 25, 30 [2d Cir 1988], *cert denied* 489 US 1067

[1989]), particularly where, as here, the relevant portion of the written document performs the ministerial function of setting forth a provision already included in the sentence by operation of law (*see United States v Cofield*, 233 F3d 405, 406-408 [6th Cir 2000], *cert denied* 532 US 952 [2001]).

As the People concede, since defendant's sex offense was committed before the effective dates of the legislation providing for the sex offender registration fee (Penal Law § 60.35 [1] [a]) and the supplemental sex offender victim fee (Penal Law § 60.35 [1] [b]), those fees should not have been imposed. Concur—Tom, J.P., Marlow, Williams, Catterson and Malone, JJ.