■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW YANAS, Appellant. [828 NYS2d 663]—

Spain, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered November 19, 2004, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.

Following a robbery of a gas station in the City of Schenectady, Schenectady County, defendant was indicted on charges of first and second degree (two counts) robbery, later consolidated with another indictment apparently containing burglary and other charges. Pursuant to a negotiated agreement, defendant pleaded guilty in County Court to attempted robbery in the first degree, in satisfaction of both indictments and three unindicted offenses. Also, defendant made an oral waiver of appeal and executed a written waiver as part of the plea, with a promised sentence of at least 6½ years but no more than 8½ years. Defendant was

sentenced to an eight-year prison sentence, as a second felony offender, with a five-year period of postrelease supervision (hereinafter PRS).

Defendant argues on appeal that County Court erred in not advising him during the plea proceedings, as required, that he would be subject to a mandatory five-year period of PRS (*see People v Catu*, 4 NY3d 242, 245 [2005]; *People v Goss*, 286 AD2d 180, 182 [2001]). Defendant's appeal waiver—which did not mention the PRS—does not foreclose review of his claim that the undisputed failure to advise him regarding PRS rendered his plea involuntary, unknowing and unintelligent (*see People v Seaberg*, 74 NY2d 1, 10 [1989]; *People v Goss, supra* at 181-182; *cf. People v Vance*, 27 AD3d 1015, 1016 [2006], *lv denied* 7 NY3d 764 [2006]).

Further, this Court has held that in order to preserve a claim under *People v Catu* (*supra*) for appellate review, a defendant must assert a timely objection during the sentence proceedings or move to withdraw the plea or vacate the judgment of conviction (*see People v Alexander*, 21 AD3d 1223, 1224 [2005], *lv denied* 5 NY3d 881 [2005]; *People v Van Gorden*, 307 AD2d 547, 548 [2003], *lv denied* 1 NY3d 581 [2003]; *see also People v Vance, supra* at 1016; *People v Haynes*, 14 AD3d 789, 790-791 [2005], *lv denied* 4 NY3d 831 [2005]; *see also People v Cumberbatch*, 36 AD3d 157, 159 [2006]; *People v Louree*, 28 AD3d 680 [2006], *lv granted* 7 NY3d 758 [2006]; *People v Chatmon*, 17 AD3d 1103, 1104 [2005], *lv denied* 5 NY3d 760 [2005]; *but see People v Bracey*, 24 AD3d 363, 364 [2005]). This Court may also take corrective action in the interest of justice (*see* CPL 470.15 [3] [c]; [6]; *see e.g. People v Evans*, 30 AD3d 1130, 1131 [2006]).

Here, when the issue of PRS was first mentioned at sentencing, defendant immediately objected and stated that he was never told that he would be subject to five years of PRS. Defense counsel then confirmed that it "wasn't part of the plea agreement." The record does not reflect that defendant was aware of it prior to sentencing (*cf. People v Alexander, supra* at 1224; *People v Vance, supra* at 1016); at most, he may have been aware of a possible two-year period of PRS, although the record is unclear. To compound matters, it was repeatedly stated on the record that the imposition of PRS had been left to County Court's discretion when, in fact, defendant was sentenced for this C violent felony (*see* Penal Law § 70.02 [1] [a], [b]) *as a second felony offender* (*see* Penal Law § 70.06 [6] [b]), *mandating* five years of PRS (*see* Penal Law former § 70.45 [2] [later amended by L 2004, ch 738, Jan. 13, 2005]; *see also People v*

*Catu, supra* at 245). At the end of the colloquy, defendant made a pro se request to withdraw his plea and asked trial counsel to file a CPL article 440 motion, although this was apparently never done.

In our view, despite the lack of formality, defendant sufficiently registered a protest and made his position known to County Court so as to preserve this issue for our review (*see* CPL 470.05 [2]). "Because a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, the failure of [the] court to advise [defendant] of postrelease supervision requires reversal of the conviction" (*People v Catu, supra* at 245; *accord People v Van Deusen*, 7 NY3d 744, 745 [2006]; *People v Goss, supra* at 184-185). In light of this conclusion, we find it unnecessary to address defendant's remaining contentions.

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this Court's decision.