■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LINGLE, Appellant. [825 NYS2d 12]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered May 19, 2004, convicting defendant, after a jury trial, of arson in the second degree and reckless endangerment in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 14 years and $3^{1}/_{2}$ to 7 years, respectively, unanimously affirmed.

The court properly declined to submit third-degree arson as a lesser included offense of second-degree arson. The relevant difference between the two degrees is that second-degree arson requires that the building be occupied, and that "the defendant knows that fact or the circumstances are such as to render the presence of such a person therein a reasonable possibility" (Penal Law § 150.15). There is no reasonable view of the evidence (see generally People v Scarborough, 49 NY2d 364, 373 [1980]) that defendant lacked actual, or at least constructive, knowledge of the building's occupied status. Defendant, who lived nearby, set fire to a church and its attached rectory at night, shortly after the lights went out in the rectory. Defendant set the fire in a manner that appeared to be carefully designed to block all three exits and prevent the escape of occupants. Defendant also made hostile comments in close proximity to the church both before and immediately after the crime. In addition, even though there was no direct evidence that defendant knew the meaning of the word rectory, which was posted on the building, the rectory resembled a small apartment building.

The court properly exercised its discretion in denying defense counsel's eve-of-trial and midtrial requests for an "emergency" psychiatric examination of defendant. There had already been a long history of CPL article 730 proceedings in this case, and the most recent evaluation and confirmed finding of competency had occurred approximately two months before trial. The court, which had ample opportunity to observe defendant's demeanor and carefully questioned him, eliciting his understanding of the charges and of court procedures, had "no reason to believe that defendant had suddenly lost his ability to understand the proceedings and assist in his defense" (People v Powell, 293

AD2d 423 [2002], *lv denied* 98 NY2d 700 [2002]). Furthermore, defendant took an active part in the proceedings, further demonstrating his competence (*see People v Mendez*, 306 AD2d 143 [2003], *lv denied* 100 NY2d 622 [2003]). In light of all these factors, counsel's observations and opinions as to his client's competence did not warrant a new examination (*see People v Morgan*, 87 NY2d 878, 880-881 [1995]).

The court properly exercised its discretion in denying defendant's mistrial motion based on the prosecutor's summation. The prosecutor was entitled to argue that defendant intended to trap the occupants of the rectory, since, as discussed previously, that was a fair interpretation of the evidence and was relevant to the knowledge element of the crime (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]). Defendant's other summation claims, including his argument that the prosecutor shifted the burden of proof, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

We reject defendant's request that the period of postrelease supervision (PRS) be stricken from his sentence on the ground that it was not part of the sentence that the court pronounced orally, in his presence in open court, and that it was not added by way of a judicial proceeding, such as a CPL 440.40 motion by the People to set aside the sentence. The Penal Law does not merely direct or require a court to impose PRS when imposing a determinate sentence; instead, it provides that "[e]ach determinate sentence also *includes, as a part thereof*, an additional period of post-release supervision" (Penal Law § 70.45 [1] [emphasis added]), which, in defendant's situation, is precisely five years, with no discretion available (Penal Law § 70.45 [1]). Therefore, even though the court's oral sentence was silent as to PRS, it necessarily included a five-year term thereof (*see People v Crump*, 302 AD2d 901 [2003], *lv denied* 100 NY2d 537 [2003]; *People v Thweatt*, 300 AD2d 1100 [2002]; *People v Bloom*, 269 AD2d 838 [2000], *lv denied* 94 NY2d 945 [2000]). Furthermore, the court, acting through its court clerk, set forth the PRS provision in the commitment sheet, as well as on the worksheet, both of which the court signed personally. Even assuming the existence of a constitutional requirement that every portion of a sentence be "entered upon the records of the court" (*Hill v United States ex rel. Wampler*, 298 US 460, 464 [1936]), these entries satisfied such a requirement (*compare Earley v Murray*, 451 F3d 71, 75-76 [2d Cir 2006]). We see no constitutional infirmity in the use of a written document to clarify an aspect of a sentence upon which the court's oral

pronouncement was silent (*see e.g. United States v Pugliese*, 860 F2d 25, 30 [2d Cir 1988], *cert denied* 489 US 1067 [1989]), particularly where, as here, the relevant portion of the written document performs the ministerial function of setting forth a provision already included in the sentence by operation of law (*see United States v Cofield*, 233 F3d 405, 406-408 [6th Cir 2000], *cert denied* 532 US 952 [2001]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Friedman, Sullivan, Catterson and Malone, JJ.