Charles WALKER, Petitioner,

v.

Kenneth S. PERLMAN,
Superintendent,
Respondent.

No. 06 Civ. 4570(PKC)(RLE).

United States District Court,
S.D. New York.

April 8, 2008.

Risa Gerson, Office of The Appellate Defender, New York, NY, for Petitioner.

David M. Cohn, New York County District Attorney's Office, New York, NY, for Respondent.

## MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION

P. KEVIN CASTEL, District Judge.

In a Report and Recommendation dated August 31, 2007 (the "R & R") (Doc. # 21), Magistrate Judge Ronald L. Ellis recommended the grant of so much of an amended petition for a writ of habeas corpus as seeks to have a five-year term of post-release supervision ("PRS") removed from petitioner's sentence and the denial of the remainder of the amended petition. Respondent Kenneth S. Perlman, Superintendent of Mid–State Correctional Facility, has filed timely objections. (Doc. # 20) No objections were filed by petitioner. For the reasons that follow, the Court overrules respondent's objections and adopts the R & R in its entirety.

### I. *Background Summary*

Petitioner Charles Walker filed the amended petition on November 6, 2006 (the "Amended Petition") (Doc. # 8), alleging that a five-year term of post-release supervision (PRS') was imposed on him administratively by the New York Department of Correctional Services (DOCS) rather than by the sentencing court and, as a result, he was denied an opportunity to be heard in violation of his Fifth and Fourteenth Amendment rights. The Amended Petition also alleges Walker was denied the effective assistance of counsel in violation of his Sixth Amendment rights.

Walker, a predicate felony offender, pled guilty to three counts of robbery in the third degree and, on October 24, 2000, he received a determinate sentence of nine years and waived his right to appeal pursuant to the terms of a plea bargain. (Appendix, Exhibit E.) There was no mention of PRS during the sentencing proceeding despite New York law requiring that PRS be added to every determinate sentence. (*Id.*, Exh. D at 6, 9–11.) The sentence and commitment order issued by the sentencing court reflected Walker's nine-year determinate sentence, but did not indicate that he was subject to any PRS or that he was a predicate felony offender. (*Id.*, Exh. E) At no time was Walker told by the trial court, the government or his attorney, that he would receive a term of PRS in addition to his nine-year determinate sentence. (Amended Petition, Exh. I at 2.) After Walker began serving his sentence at the Mid–State Correctional Facility, he received a sentence computation sheet from the DOCS indicating that his sentence included five years PRS in addition to the nine-year determinate sentence he received on October 24, 2000. (Amended Petition, Exh. C.)

On March 18, 2005, the trial court amended Walker's sentence and commitment order to indicate that he was sentenced "as a second felony offender." (Appendix, Exh. E.) The amended order included no reference to PRS. (*Id.*)

On September 26, 2005, Walker challenged his sentence collaterally by filing a *pro se* motion pursuant to section 440.20 of New Yorks Criminal Procedure Law. Walker argued, *inter alia,* that the addition of PRS to his sentence by DOCS denied him of due process and that he was denied the effective assistance of counsel by virtue of his lawyer failing to inform him that his sentence would include PRS. (*Id.*) The motion was denied on December 13, 2005 and leave to appeal was denied by the Appellate Division, First Department on March 23, 2006.[1] (Amended Petition, Exh. C)

On May 16, 2006, the Courts Pro Se Office received Walker's petition for a writ

---

1. Walker also challenged his sentence pursuant to section 440.10 of New York's Criminal

Procedure Law, alleging a Fourteenth Amendment due process violation because his

of habeas corpus.[2] (Doc # 1) On June 14, 2006, then Chief Judge Mukasey ordered Walker to show cause why the petition should not be dismissed as time barred. (Doc. # 3) Walker complied, filed an affirmation on June 30, 2006, and then contacted the Office of the Appellate Defender and requested that they provide counsel to represent him in connection with his habeas petition. (Doc. # 4) Counsel from the Office of Appellate Defender agreed to represent Walker and entered a notice of appearance on August 28, 2006. With the Courts permission (Doc. # 6), the Amended Petition for a writ of habeas corpus was filed on Walker's behalf on November 6, 2006. (Doc. # 8.)

On March 29, 2007, I referred the Amended Petition to Magistrate Judge Ellis for a Report and Recommendation. The R & R was filed on September 4, 2007 to which respondent timely filed objections on September 9, 2007. (Doc. # 20) Walker did not file a response to respondents objections nor did he file any objections of his own. To the full extent of respondent's objections, I have conducted a *de novo* review of the underlying record, including the state court transcripts. *See* 28 U.S.C. § 636(b); Rule 72, Fed.R.Civ.P. Having done so, I adopt Judge Ellis's R & R and briefly address respondent's objections.

## II. *Timeliness*

A one-year statute of limitation applies to a petition for a writ of habeas corpus

filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The relevant period of limitation begins to "run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d) (1)(A). As Judge Ellis correctly observed, Walker's amended sentence and commitment order is dated March 18, 2005 and that is the starting point for a finality analysis. (Appendix, Exh. E.)

No direct review of the amended sentence and commitment order was taken and, thus, it became final for section 2244(d)(1)(A) purposes on April 18, 2005. *See* N.Y. Crim Proc. Law § 460.10(1)(a) (appeal must be filed within thirty days of sentence). Although Walker's petition was filed between May 10, 2006 and May 16, 2006 approximately thirteen months after the time for appealing the amended sentence had expired his post-conviction section 440.20 motion and subsequent motion for leave to appeal tolled the limitations period for more than five months. *See* 28 U.S.C. § 2244(d)(2) (The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection!). Tolling occurred between September 26, 2005, the day the motion was filed, and March 23, 2006, the day the

---

guilty plea was not knowing, intelligent and voluntary. In addition, he commenced an Article 78 proceeding challenging the calculation of his sentence (Amended Petition, Exh. D.), and filed a grievance with DOCS, stating that the five years of PRS was illegally added to his determinate sentence.

**2.** Walker signed the petition on May 10, 2006 (Petition at 7). A *pro se* habeas petition is deemed filed on the date an inmate delivers it

to prison officials for mailing. *Noble v. Kelly,* 246 F.3d 93, 97–98 (2d Cir.2001) (holding prison mailbox rule properly extended to petitions for writs of habeas corpus). Although the Amended Petition states that Walker's initial petition was "filed" on May 10, 2006, nothing in the record specifically indicates that the petition was delivered to prison officials on the same day it was signed. The difference in dates is not material to the statute of limitations analysis.

Appellate Division denied Walker leave to appeal.

Respondent argues that because Walker was sentenced on October 24, 2000, the one-year period of limitation began to run on November 23, 2000, the date on which his time to file a notice of appeal expired. Respondent contends that the date of the amended sentence and commitment cannot be used as the start of the limitations period because Walker is challenging the original judgment against him, not the amended sentence and commitment order. Respondent's argument fails.

Judge Ellis's conclusion that the expiration of Walker's time to appeal the amended sentence and commitment order is the relevant event from which the limitations period should be measured is supported by the decision in *Burton v. Stewart*, — U.S. ——, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (per curiam), which, *inter alia*, interpreted the statutory language setting forth the one-year period of limitations for habeas petitions. *See* 28 U.S.C § 2244(d)(1).

The petitioner in *Burton* had been tried, sentenced and incarcerated in 1994. *Id.* at 794. While incarcerated, he was resentenced by the trial court in 1996 after an unrelated prior conviction was overturned. *Id.* at 795. On direct appeal of his 1996 resentencing, the Washington Court of Appeals upheld his conviction, but remanded the case to the trial court for resentencing because the 1996 amended sentence decreased the petitioner's early release credits, which raised vindictiveness concerns. *Id.* at 794–95. The trial court entered a second amended sentence in March 1998. In December 1998, the *Burton* petitioner petitioned the District Court for a writ of habeas corpus challenging only his convictions without pressing any claims regarding his sentencing. *Id.* at 795. The 1998 petition was denied by the District Court and the Ninth Circuit affirmed. *Id.* at 798. In 2002, the *Burton* petitioner filed another habeas petition which both the District Court and the Ninth Circuit rejected on the merits. *Id.* at 796. Neither court considered the state's argument that the District Court lacked jurisdiction to consider the 2002 petition because the petitioner had failed to seek permission from the Court of Appeals to file a "second or successive" petition as required by 28 U.S.C. § 2244(b)(3). *Id.*

Upon review, the Supreme Court held that the 2002 petition was a successive petition which the district court lacked jurisdiction to consider because it was filed without the statutorily-required permission. *Id.* In rejecting the petitioner's argument that, had he not filed the 1998 petition when he did, he risked being barred from challenging his conviction under the federal habeas statutes because of the one-year statute of limitation, the Court concluded that a habeas petitioner's limitations period d[oes] not begin until both his conviction *and* sentence "bec[o]me final . . ." *Id.* at 798. (emphasis in original). The *Burton* Court emphasized that "[f]inal judgment in a criminal case means sentence. The sentence is the judgment" *Id.* at 798 (internal quotation marks omitted) (quoting *Berman v. United States*, 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204 (1937)). Thus, the habeas limitations clock in *Burton* did not begin to run until his second amended sentence became final "which occurred well after Burton filed his 1998 petition" *Id.* at 799.

In *Ferreira v. Sec'y, Dep't of Corrections*, 494 F.3d 1286, 1292–93 (11th Cir. 2007), the Eleventh Circuit overruled *Rainey v. Sec'y for the Dep't of Corr.*, 443 F.3d 1323 (11th Cir.2006), a case upon which respondent relies, after it was vacated and remanded by the Supreme Court in light of *Burton*. *See Ferreira v. McDonough*, — U.S. ——, 127 S.Ct. 1256, 167 L.Ed.2d 65 (2007). On remand, the Eleventh Cir-

cuit held that a habeas petition filed more than five years after a state prisoner was convicted of a crime, but less than two months after a corrected sentence imposed on resentencing became final, was timely filed even though his habeas petition challenged only his underlying conviction and not the corrected sentence. The "judgment" that triggered the one-year statute of limitations became final when the corrected sentence pursuant to which prisoner was in custody became final, thereby making both his conviction and sentence final. *Ferreira,* 494 F.3d at 1292–93.

Here, the judgment became final for purposes of 28 U.S.C. § 2244(d)(1) on April 18, 2005, the date on which the time to appeal from the state courts March 18, 2005 amended sentence expired. Measured from that date and allowing for tolling through the date that leave to appeal was denied on the section 440.20 motion, the Amended Petition was timely filed.

### III. *Exhaustion*

A district court may not grant a habeas petition unless it appears that the petitioner has exhausted all state judicial remedies. 28 U.S.C. § 2254(b)(1)(A). A petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel,* 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). The exhaustion requirement is "grounded in the principles of comity; in a federal system the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). "The exhaustion requirement is not satisfied unless the federal claim has been fairly presented to the state courts." *Daye v. Attorney Gen., of N.Y.,* 696 F.2d 186, 191 (2d Cir.1982) (quoting *Wilwording v. Swenson,* 404 U.S. 249, 92 S.Ct.

407, 30 L.Ed.2d 418 (1971)). To have fairly presented his federal claim to the state courts, a petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in the federal court. *Id.* "The constitutional contention made in the federal proceeding need not be identical with the one advanced to the state court, but it must be its 'substantial equivalent.'" *Fielding v. LeFevre,* 548 F.2d 1102, 1107 (2d Cir.1977) (citing *Picard v. Connor.* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438(1971)).

Here, Judge Ellis correctly concluded that Walker's claims were substantively exhausted because, in his September 26, 2005 section 440.20 motion, he challenged the addition of PRS to his nine-year determinate sentence as a violation of his due process rights under the Fourteenth Amendment and raised his Sixth Amendment ineffective assistance of counsel claim.

Respondent objects to Judge Ellis's conclusion that Walker's claims were substantively exhausted because Walker never specifically raised in state court his right to be present when the PRS was added to his sentence. However, in Walker's *pro se* section 440.20 motion, he raised the fact that the PRS was added by DOCS in the absence of any notification to him and that he was denied "the opportunity to be heard on this matter" (Amended Petition, Exh. C, Walker Aff't ¶ 9.) *See Holland v. Scully,* 797 F.2d 57, 64 (2d Cir.1986) (holding habeas petitioner's claims may be considered exhausted when they have been "fairly'—though not explicitly—presented to a state court.") (citing *Daye,* 696 F.2d at 191). Petitioner's motion was more than adequate to raise the issue and respondent's argument fails.

Judge Ellis also correctly concluded that Walker procedurally exhausted his claims

in state court by filing the section 440.20 motion and seeking leave to appeal from the Appellate Division, First Department when the section 440.20 motion was denied by the trial court. The denial of leave to appeal in the Appellate Division was the final blow to Walker's section 440.20 motion because New York law does not provide for review by the Court of Appeals of an Appellate Division's refusal to grant leave to appeal. *See People v. Matthews,* 72 N.Y.2d 933, 532 N.Y.S.2d 843, 529 N.E.2d 173, (1988); *People v. Brock,* 332 N.Y.S.2d 110, 110 (1st Dep't 1972).

## IV. *Fourteenth Amendment Due Process*

A district courts ability to grant a state prisoner's habeas petition is limited to circumstances where a state judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" 28 U.S.C. § 2254(d)(1). Judge Ellis correctly concluded that Walker's case is analogous to *Earley v. Murray,* 451 F.3d 71 (2d Cir.2006) where the Second Circuit held that the terms of a petitioner's sentence not imposed by the judge are invalid and contrary to clearly established federal law as determined by the Supreme Court in *Hill v. Wampler,* 298 U.S. 460, 461–62, 56 S.Ct. 760, 80 L.Ed. 1283 (1936).

In *Wampler,* the Supreme Court held that the sentence imposed by the judge controls and that a sentence may not be enhanced by the amendment of an administrator. *Id.* at 464, 56 S.Ct. 760 ("The only sentence known to the law is the sentence or judgment entered upon the records of the court .... Until corrected in a direct proceeding, it says what it was meant to say, and this by an irrefutable presumption") (Cardozo, J.) (citation omitted). In *Earley,* the Second Circuit viewed *Wampler* as providing "clearly established Supreme Court precedent ...

[that] [t]he only cognizable sentence is the one imposed by the judge. Any alteration to that sentence, unless made by a judge in a subsequent proceeding, is of no effect" *Earley,* 451 F.3d at 75 (citations and internal quotation marks omitted). The court reached this conclusion despite the fact that *Wampler* did not explicitly cite to the Constitution as the basis for its holding. *Id.* at 76 n. 1 ("Although *Wampler* does not identify the source of the rule that it announces, we believe that it is based on the due process guarantees of the United States Constitution.").

Like Walker, the petitioner in *Earley,* received a determinate sentence after entering into plea bargain. *Id.* at 73. No term of PRS was included in the sentence announced by the court or in the sentence and commitment order. *Id.* In addition, the petitioner in *Earley* was allegedly never informed that his sentence was subject to mandatory PRS or that it would be added to his sentence by DOCS. *Id.* He, like Walker, unsuccessfully challenged DOCS's addition of PRS to his sentence by filing a section 440.20 motion. *Id.* The *Earley* petitioner then sought relief under the federal habeas statutes, relief which was initially denied by the district court as untimely. *Id.* On appeal, the Second Circuit vacated the district court's judgment and remanded the case to the district court to determine the timeliness of the petition's filing. *Id.* at 76–77. If the petition were determined to be timely, the district court would "issue a writ of habeas corpus excising the term of the post-release supervision from Earley's sentence and reliev[e] him of any subsequent penalty or other consequence of its imposition." *Id.*

On rehearing, the Second Circuit adhered to its "View that the inclusion of a five-year period of PRS in Earley's sentence when that PRS was not included in the sentence imposed at Earley's sentenc-

ing hearing violated his rights under the Due Process Clause of the United States Constitution." *Earley v. Murray,* 462 F.3d 147, 148 (2d Cir.2006). The Court adhered to its ruling despite its acknowledgment that its decision "may call into question the validity of the PRS components of numerous sentences." *Id.* at 150.

Respondent contends that *Earley* was wrongly decided and invites the Court to reject the Second Circuit's holding as an unjustified intrusion by the federal courts into a state court's criminal conviction. The Court declines the invitation and adopts Judge Ellis's conclusion that Walker's five-year PRS was unconstitutionally imposed by DOCS, without notice to him or an opportunity to be heard in violation of the Fourteenth Amendment. Including PRS in Walker's sentence when it was not imposed by a judge violated his rights under the Due Process clause of the United States Constitution.

## V. *Sixth Amendment Ineffective Assistance of Counsel*

Judge Ellis recommends that since Walker's Sixth Amendment challenge is limited to his sentence, and nothing in the record indicates that he would have received a different sentence had he been informed of the mandatory PRS, he cannot meet the prejudice requirement set forth in *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (habeas petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). There are no objections to this portion of the R & R. Judge Ellis's conclusion is well-reasoned and grounded in the correct principles of law and there is no reason, in the interests of justice, to grant further review of that conclusion. I adopt it.

## VI. *Conclusion*

Having reviewed the Amended Petition, all submissions in support and opposition, the state court transcripts and respondent's objections to Judge Ellis's R & R, I adopt the R & R in its entirety. Petitioner having not made a substantial showing of the denial of a constitutional right on any ground not included within the partial grant of the writ, a certificate of appealability will not issue. 28 U.S.C. § 2253; *see Lozada v. United States* writ, a certificate of appealability will not issue. 28 U.S.C. § 2253; *see Lozada v. United States,* 107 F.3d 1011, 1016–17 (2d Cir.1997), *abrogated on other grounds by United States v. Perez,* 129 F.3d 255, 259–60 (2d Cir.1997). The Court certifies pursuant to 28 U.S.C. § 1915(a) (3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). The Amended Petition is GRANTED in part and DENIED in part. The Clerk is directed to enter judgment in favor of petitioner to the extent that a writ of habeas corpus shall issue, unless within ninety (90) days of the Judgment, the records of DOCS are amended to remove any period of post-release supervision for petitioner and otherwise denying the petition.

SO ORDERED.

## REPORT AND RECOMMENDATION

RONALD L. ELLIS, United States Magistrate Judge.

## I. INTRODUCTION

Petitioner, Charles Walker ("Walker"), a New York state prisoner at Mid–State Correctional Facility, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was received in this District on November 6, 2006. Walker was convicted of three counts of robbery in the second degree (New York Penal Law

("N.Y.P.L.") § 160.10), and sentenced to a determinate term of nine years.

Walker contends that his sentence of five years post-release supervision ("PRS") violates the United States Constitution in that: 1) it was administratively added to his sentence without notice to him or an opportunity to be heard in violation of his Fourteenth Amendment right to due process of law, and 2) he was not provided effective assistance of counsel during sentencing in violation of his Sixth Amendment right to counsel. For the reasons set forth below, I recommend that the petition for habeas corpus be **GRANTED** on the Fourteenth Amendment due process ground, and **DENIED** on the Sixth Amendment ineffective assistance of counsel ground.

## II. BACKGROUND

### A. Factual Background

At approximately 4:35 a.m., on August 7, 2000, Walker and co-defendant Julius Matos ("Matos") robbed a man at gunpoint on the southeast corner of 39th Street and Fifth Avenue in Manhattan. Memorandum in Support of Answer Opposing Petition for a Writ of Habeas Corpus ("Resp.Supp.Mem."), Exh. C, at 1. Walker and Matos were leaving a night club when they spotted the victim wearing an expensive gold necklace. *Id.* at 12. Walker retrieved a loaded .380 caliber semi-automatic pistol from the trunk of Matos's car and approached the victim. *Id.* at 3–5, 9, 12. He pointed the gun at the victim and demanded the gold chain. *Id.*

Walker and Matos fled the scene in Matos's vehicle, while the victim informed police of the crime. *Id.* at 2. In response, police pursued Matos's vehicle. *Id.* at 12. During the pursuit, Walker threw the gun out the window. *Id.* When Matos crashed the vehicle, Walker jumped out the rear driver's side window and fled on foot. *Id.*

At about 4:40 a.m., police apprehended him on 37th Street and Madison Avenue. *Id.*

Walker was charged with two counts each of robbery in the first degree (N.Y.P.L. § 160.15(2), (4)) and criminal use of a firearm in first degree (N.Y.P.L. § 265.09(1)(a), (1)(b)), and one count each of robbery in the second degree (N.Y.P.L. § 160.10(1)) and criminal possession of a weapon in the second and third degrees (N.Y.P.L. §§ 265.03(2), 265.02(4)). *Id.* at 2–3.

On October 11, 2000, Walker pled guilty as a predicate felony offender to three counts of robbery in the second degree (N.Y.P.L. § 160.10), a class C violent felony. Amended Petition for a Writ of Habeas Corpus ("Amend.Pet."), Exhs. B, C. As part of the plea bargain, Walker was promised a sentence of nine years, and waived his right to appeal. *Id.*, Exh. C. At no time during the plea bargaining process or grand jury proceeding did the court, the prosecution, or Walker's defense attorney discuss or announce the five-year term of post-release supervision. *Id.*

On October 24, 2000, in accordance with the plea bargain, Walker was sentenced as a predicate felony offender before Justice Berkman to a determinate sentence of nine years. *Id.* at 9, 11. On that day, the supreme court issued a sentence and commitment order for nine years determinate. This order did not indicate Walker's status as a "second felony offender" or the five-year period of post-release supervision. *Id.*, Exh. B.

Walker was incarcerated at the Mid-State Correctional Facility. On November 15, 2000, the New York State Department of Correctional Services ("DOCS") provided him with a "Date Computation/Entry" print out, indicating his sentence, and including five years post-release supervision in the computation. *Id.*, Exh. C. In 2002, Walker realized the significance of this

information, and began seeking remedy. *Id.* at 1. Walker contends that the post-release supervision period was imposed administratively by the clerk at Mid–State Correctional Facility rather than by the sentencing court, and that, without notice and opportunity to be heard, this sentence violated his Sixth and Fourteenth Amendment rights. *Id.*

## B. Procedural Background

On July 30, 2002, Walker filed a *pro se* motion pursuant to New York Criminal Procedure Law § 440.10, challenging his conviction on the ground that his plea was not knowing, intelligent, nor voluntary because he had not been informed that as a direct consequence of his plea, a five-year period of post-release supervision would be imposed as a matter of law under New York Penal Law § 70.45(1). *Id.* at 1–2. This motion was denied on December 18, 2002. *Id.* at 2. On March 23, 2006, the Appellate Division denied Walker's request for leave to appeal. Memorandum in Opposition of Petition for a Writ of Habeas Corpus ("Resp.Mem."), at 4.

On January 18, 2005, Walker filed a *pro se* Article 78 suit in the supreme court, Albany County, to challenge the calculation of his sentence. *See* Amend. Pet., at 3, ¶ 10. While the Article 78 proceeding was pending, the trial court amended the sentence and commitment order. Amend. Pet., at 3, ¶ 11. This order, dated March 18, 2005, differs from the original order dated October 24, 2000, in that it indicates that Walker was sentenced "as a second felony offender." *Id.*, Exh. A, B. The sentences were therefore required to run consecutively. *Id.* at 1 (*citing generally* N.Y. P.L. § 70.25 (McKinney 2004)). The 2005 commitment order, however, does not indicate the five-year post-release supervision period. *Id.*, Exh. A, B.

The Article 78 proceeding was dismissed on July 5, 2005, for failure to exhaust administrative remedies and for failure to state a cause of action. *Id.* at 3. Walker then filed a grievance with DOCS requesting the removal of the post-release supervision period on the ground that it was added by a DOCS clerk without notice to him or opportunity to be heard, in violation of his Fourteenth Amendment right to due process of law. *Id.*, Exh. E. DOCS denied this grievance on September 23, 2005, stating that "the grievant is a second felony offender and his crime is deemed to include a post-release sentence by operation of Penal Law § 70.45(2). Although this is not written in his commitment, it has to be part of his sentence." *Id.*

On September 26, 2005, Walker filed a *pro se* motion challenging his sentence pursuant to New York Criminal Procedure Law § 440.20. *Id.*, Exh C. He alleged that his sentence was invalid because he had not been informed at the plea or sentencing hearings that his sentence carried a five-year term of post-release supervision. *Id.* at ¶¶ 5, 7; Resp. Supp. Mem., Exh. M. He further alleged that his attorney did not inform him of the five years post-release supervision, and therefore failed to provide effective assistance of counsel. *See* Amend. Pet., Exh. C at ¶¶ 5, 8. The court denied his § 440.20 motion on December 13, 2005, concluding that "as the sentence was plainly lawful, the application to modify the sentence must be denied." *Id.* at 2. Walker filed leave to appeal to the New York Appellate Division, which was denied on March 23, 2006. Answer in Opposition to Petition for a Writ of Habeas Corpus ("Ans. in Opp."), at 4, ¶ 10.

## III. DISCUSSION

### A. Threshold Issues

#### 1. Timeliness

A petitioner must file an application for a writ of habeas corpus within one year of

his conviction becoming final. *See* 28 U.S.C. § 2244(d)(1). Generally, this period begins to run "when [the] time to seek direct review in the United States Supreme Court by writ of certiorari expire[s]," that is, ninety days after the final determination by the state court. *Williams v. Artuz,* 237 F.3d 147, 151 (2d Cir.2001) (*quoting Ross v. Artuz,* 150 F.3d 97, 98 (2d Cir.1998)). When no direct appeal is taken in state court within thirty days, under C.P.L. § 450.10(1), the statute of limitations under 28 U.S.C. § 2254 begins to run when that time period expires. *See Raynor v. Dufrain,* 28 F.Supp.2d 896, 898 (S.D.N.Y.1998) (motion for leave to file a late notice of appeal did not extend the statute of limitations); *see also Bethea v. Girdich,* 293 F.3d 577, 578–79 (2d Cir.2002) (motion to extend time to appeal does not "re-start" the statute of limitations).

■ Under New York law, "a certificate of conviction shows the sentence pronounced by the court, [ ] constitutes the authority for execution of the sentence and serves as the order of commitment, and no other warrant, order of commitment or authority is necessary to justify or to require execution of the sentence." N.Y. C.P.L § 380.60 (McKinney 2005). In Walker's case, the amended commitment order was dated March 18, 2005. On September 26, 2005, five months, eight days from the date the amended sentence and commitment order was issued, Walker filed a *pro se* § 440.20 motion, a post-conviction collateral attack on his sentence that tolled the statutory period while it was pending in state court. *See Rodriguez v. Portunodo,* 2003 WL 22966293, at *1–2 (S.D.N.Y. Dec.15, 2003) (pending post-conviction motion tolls the statute of limitations until leave to appeal is denied). On the day the motion was denied, December 13, 2005, until Walker sought leave to appeal to the Appellate Division, tolling continued until leave to appeal was denied on March 23, 2006. Another forty-nine

days had elapsed when Walker filed his *pro se* petition for a writ of habeas corpus on May 10, 2006. When the tolling periods are taken into account, the petition is within the one-year limitations period and is, therefore, timely.

### 2. Exhaustion

■ Pursuant to 28 U.S.C. § 2254(b), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the court may not grant a petition for habeas corpus unless the petitioner has exhausted all state judicial remedies. 28 U.S.C. § 2254(b)(1)(A); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Dorsey v. Kelly,* 112 F.3d 50, 52 (2d Cir.1997). In order to satisfy substantive exhaustion, a petitioner's claim before the state courts must have been federal or constitutional in nature. Although not an exacting standard, a petitioner must inform the state courts of "both the factual and the legal premises of the claim [he] asserts in federal court." *Jones v. Vacco,* 126 F.3d 408, 413 (2d Cir.1997) (*quoting Daye v. Attorney Gen.,* 696 F.2d 186, 191 (2d Cir.1982) (*en banc* )).

Here, Walker's claims are substantively exhausted because he raised two constitutional claims in his § 440.20 motion. He challenged the imposition of the five-year post-release supervision period as a violation of his Fourteenth Amendment due process right because he was not informed of it during the plea bargaining or sentencing processes by the court or his attorney, and contended that he was denied effective assistance of counsel during the bargaining and sentencing processes in violation of his Sixth Amendment right because counsel failed to inform him of the mandatory five-year post-release supervision period.

Procedurally, the petitioner must utilize all avenues of appellate review within the state court system before proceeding to

federal court. *See Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir.1994). He must raise a federal claim at each level of the state court system, "present[ing] the substance of his federal claims 'to the highest court of the pertinent state.'" *Id.* (*quoting Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir.1990)).

Walker has also procedurally exhausted his claims by filing a § 440.20 motion in state court and seeking leave to appeal when it was denied. He alleged that his sentence was invalid and sought to modify his sentence on the grounds that neither the court nor his attorney advised him of the mandatory post-release supervision. Amend. Pet., Exh. C. Without addressing whether Walker's counsel provided effective assistance, the court denied this motion on December 13, 2006, stating that, "As the People do not consent to [the modification of Walker's sentence], and as the sentence was plainly lawful, the application to modify the sentence must be denied." Resp. Supp. Mem., Exh. M, at 2. Walker filed leave to appeal to the New York Appellate Division, which was denied on March 23, 2006. Ans. in Opp., at 4, ¶ 10. Therefore, Walker's claims were procedurally exhausted.

## B. Merits of the Claims

### 1. Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") constrains a federal habeas court's ability to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. The Act limits issuance of the writ to circumstances in which the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495,

146 L.Ed.2d 389 (2000). A state court decision is contrary to federal law if the state court applies "a conclusion opposite to that reached by [the Supreme] Court on a question of law or if [it] decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413, 120 S.Ct. 1495. Furthermore, in cases where the state court decision rests on a factual determination, the federal court must find that the "decision ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

### 2. Fourteenth Amendment Due Process Claim

■ Walker correctly contends that the five-year post-release supervision term of his sentence, that was not mentioned during plea bargaining or at sentencing, was unconstitutionally imposed by a clerk at DOCS, without notice to him or an opportunity to be heard, in violation of his Fourteenth Amendment right to due process of law. The inclusion of a five-year PRS provision in a petitioner's sentence, when that PRS provision was not included in the sentence initially imposed at his hearing, violated his rights under the due process clause of the United States Constitution. *Earley v. Murray*, 462 F.3d 147, 148 (2d Cir.2006) (relying on *Hill v. Wampler*, 298 U.S. 460, 461–62, 56 S.Ct. 760, 80 L.Ed. 1283 (1936), for the proposition that the only valid terms of a defendant's sentence are the terms imposed by the judge). Respondent, on the other hand, argues that the sentencing court was not required to indicate in its oral pronouncement of the defendant's determinate sentence that the period of post-release supervision was included in order for that portion of the sentence to be valid. Resp. Supp. Mem., at 21 (*citing People v. Lingle*, 34 A.D.3d 287, 825 N.Y.S.2d 12 (1st Dep't 2006)).

For the following reasons, this court rejects the respondent's argument.

In *Lingle*, the Appellate Division reasoned that the PRS was not only statutorily mandated, but also that the sentencing court set forth the PRS provision in the commitment sheet. *Lingle*, 34 A.D.3d at 289, 825 N.Y.S.2d 12. Comparing *Hill*, the court stated, "[e]ven assuming the existence of a constitutional requirement that every portion of a sentence be 'entered upon the records of the court,' [the entries on the commitment sheet and on another document signed by the court] satisfied such requirement." *Lingle*, 34 A.D.3d at 289, 825 N.Y.S.2d 12 (*citing Hill*, 298 U.S. at 464, 56 S.Ct. 760; *cf. Earley*, 451 F.3d at 75–76). However, Walker's case is factually distinguishable from the defendant's case in *Lingle*. In *Lingle*, the sentencing court set forth the PRS provision on the sentencing sheet and on another document signed by the court. In Walker's case, the PRS provision was absent from both the original sentencing sheet and the amended sentencing sheet. Because Walker's PRS term is not recorded on any relevant portion of the written documents issued or signed by the sentencing court, none of those documents "[p]erforms the ministerial function of setting forth [the PRS provision under C.P.L. § 70.45]." *Lingle*, 34 A.D.3d at 290, 825 N.Y.S.2d 12.

Walker's case is analogous to the petitioner's case in *Earley*. In *Earley*, the petitioner received a determinate sentence under New York criminal law. 462 F.3d at 148. The PRS term was not explicitly ordered by the sentencing judge, but rather was included by DOCS. *Id.* at 148–49. The respondent in *Earley* argued that under New York law, every determinate sentence, by definition, automatically includes a period of post-release supervision, and therefore Earley's sentence included a five-year PRS by the operation of law, and the PRS sentence was included as soon as Earley received his determinate sentence, and not as a result of the alteration by DOCS. *Id.* at 148–49. The Second Circuit rejected this argument, affirming the Court's holding in *Hill* that a judicially-imposed sentence includes only those elements explicitly ordered by the sentencing judge. *Id.* at 149. The court explained that "any additional penalty added to that sentence by another authority is invalid, regardless of its source, origin, or authority until the judge personally amends the sentence." *Id.* "[T]he custodial terms of sentences [must] be explicitly imposed by a judge, [and] any practice to the contrary is simply unconstitutional and cannot be upheld." *Id.* at 150.

As in *Earley*, Walker's determinate sentence was announced in the state sentencing court without any indication of a post-release supervisory period. *See Id.* at 149; *see also* Amend. Pet., Exh. C. Walker's sentence was explicit only to the extent that he was sentenced to a determinate term of nine years as a predicate felony offender. Amend. Pet., Exh. C, Tr. at. 11. Moreover, neither the original nor amended sentence indicated a period of post-release supervision. *Id.*, at Exh. A, Exh. B. Because the PRS was never announced by the sentencing judge or included in the sentence and commitment orders, imposing a five-year post-release supervisory period would violate Walker's Fourteenth Amendment due process rights. Therefore, I recommend that Walker's habeas corpus petition be **GRANTED** on this ground.

### 3. Sixth Amendment Ineffective Assistance of Counsel Claim

▮ Walker contends that his Sixth Amendment right was violated because counsel provided ineffective assistance during the plea bargaining and sentencing proceedings when she failed to inform him

of the five-year post-release supervision term. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish ineffective assistance of counsel, petitioner must demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness ... [measured] under prevailing norms;" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694, 104 S.Ct. 2052.

Respondent argues that Walker's ineffective assistance of counsel claim fails on *Strickland's* prejudice requirement. Resp. Supp. Mem., at 30–31 (*citing Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). To show prejudice in the plea bargain context, Walker must demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59, 106 S.Ct. 366. Respondent further argues that Walker failed to allege that he would not have accepted the plea agreement and insisted on going to trial had he known about the PRS requirement. Resp. Supp. Mem., at 30 (*citing* Exh. J). Walker asserts that, had counsel advised him of the mandatory period of post release supervision, there is a reasonable probability that the parties would have agreed to a plea bargain that required a shorter period of incarceration, in light of the post-release supervision. Resp. Supp. Mem., at 18. However, the record does not support Walker's position.

Respondent asserts that "there is no other sentence [other than the sentence to which Walker agreed] that the People feel

could be imposed to simulate defendants' and the People's expectations of the original plea." Amend. Pet., Exh. G, at ¶ 9; Resp. Supp. Mem., at 32 (referring to the prosecution's affirmation "that a prison sentence of less than [nine] years would not comport with the People's expectations"). Since Walker's challenge is limited to his sentence, and respondent asserts that the sentence offered in the plea bargain was not negotiable, it seems unlikely that a different sentence would have resulted even if Walker's attorney had informed him of the PRS term. As such, Walker's allegation of prejudice cannot be sustained on these facts and Walker's ineffective assistance of counsel claim fails on the prejudice prong of *Strickland.* Therefore, I recommend that his petition be DENIED on the ineffective assistance of counsel ground.

## IV. CONCLUSION

For the foregoing reasons, I recommend that Walker's petition for a writ of habeas corpus be **GRANTED** on Fourteenth Amendment due process ground, and **DENIED** on Sixth Amendment ineffective assistance of counsel ground. Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable P. Kevin Castel, 500 Pearl Street, Room 2260, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Small v. Secretary of*

*Health and Human Services,* 892 F.2d 15, 16 (2d Cir.1989) *(per curiam* ); 28 U.S.C. § 636(b)(1) (West Supp.1995); Fed. R.Civ.P. 72, 6(a), 6(e).

Aug. 31, 2007.